Filed
09 July 24 A11:0
Hannah Kunkle
District Clerk
Collin District
mmc

NO. 417-02780-2009

| | | |
|---|---|---|
| PAT C. GREEVER | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| vs. | § | 417 JUDICIAL DISTRICT |
| COLLIN COUNTY COMMITTEE ON AGING INC. | § | |
| Defendant | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Pat C. Greever, hereinafter referred to as "Plaintiff" and/or "Greever"), complaining of Collin County Committee On Aging, Inc. ("Defendant", "CCART" or "Agency") and files this Original Petition and Jury Demand, and for cause of action respectfully shows the Court as follows:

### I.
### PARTIES

Plaintiff, Pat C. Greever, is a citizen of the United States and a resident of McKinney, Collin County, Texas. As required by the Texas Civil Practice & Remedies Code, 30.014, the last three digits of Plaintiff's social security and Texas driver's license



SCANNED

numbers are 084 and 188, respectively.

Defendant, is a domestic nonprofit corporation with its principal place of business located at 600 North Tennessee Street McKinney, Collin County, Texas 75069. Defendant may be served by serving its Executive Director and registered agent for service, Marilyn Stidham, at 600 North Tennessee Street, McKinney, Collin County, Texas 75069.

## II.

## JURISDICTION AND VENUE

Venue is proper in Collin County, Texas pursuant to Texas Civil Practice and Remedies Code § 15.002(a) (1) in that all or a significant portion of the causes of action asserted herein occurred in Collin County, Texas.

Jurisdiction is proper in this Court. The jurisdiction of this Court is invoked to seek a redress of violations of the Texas Commission on Human Rights Act ("hereinafter "TCHRA") of 1964, Tex. Lab. Code Ann. §21.001 *et seq.* (Vernon's1996). The purpose of this Act is to secure to those within the state freedom from discrimination in employment.

## III.

## DISCOVERY PLAN

Discovery in this case is to be conducted under Level 2 in accordance with Rule 190 of the Texas Rules of Civil Procedure.

## IV.

## FACTS

Plaintiff's date of birth is July 21, 2009. Plaintiff began working for Defendant on/about July 10, 2002. Defendant is considered "an employer" for purposes of this claim as defined by TCHRA. Plaintiff had been the Director of Transportation for CCART for over five years. This Agency is a 501c(3) not-for profit organization, which has mushroomed from its original purpose of providing social and transportation needs, as well as meals for the elderly and disabled in Collin County to also servicing the needs of those individuals as well as the public transit needs of the entire populace of Collin County through CCART, with a budget of over $5 million. Plaintiff was responsible for fleet operations, budgeting, municipal agreements, federal and municipal funds and grants to attain the goal of seamless transit for Collin County residents. At Defendant's Board of Trustees meeting on August 16, 2007, there was a discussion about how financially healthy the Agency had become in the years Plaintiff had been director. The entire Collin County area was also experiencing an explosion of growth, which vastly increased CCART's need to continue to provide services to the growing population. Practically every facet of operations grew exponentially during the period 2002-2007. Ridership, revenue, budget, miles, costs, etc., exploded along with the population of Collin County, especially the city of McKinney. Plaintiff had repeatedly informed the Agency's Executive Director, Marilyn Stidham, ("Stidham") and the Board of Directors that the Agency was going to have to make major decisions regarding every aspect of public transit in Collin County. CCART was no longer as it had begun, as a bus service

for the elderly. Federal and state regulations, and upcoming 2010 U.S. Census data, would reveal that CCART would have to modify its status and become a part of the greater DFW transit community very soon. In keeping with the Agency's long term goals, in September 2006, Stidham made the decision to relieve Plaintiff of his day-to-day responsibilities of CCART, after which CCART employees were to begin receiving direction from current supervisors of the specific areas put in place over two years prior. At the same time, the Agency's Human Resource ("HR") Director, Bill Schoor, began a search for an Assistant Director of Transportation. Plaintiff's role was then to be solely directed toward continuation of inter/intra-city contract negotiations, local/state legislative contacts, generation of revenue, etc. while regular day-to-day operations were to be overseen by the mid-management supervisors.

Over three months transpired with no successful candidate located to serve as Plaintiff's assistant director. With the approval of HR and Stidham, Plaintiff began discussions with Ronald Pledger "Pledger", a qualified individual who was then employed with The Heart of Texas Council of Governments in Waco, Texas. Pledger was quickly approved and hired by the Agency and his first day of employment as Assistant Director of Transportation was March 19, 2007. Pledger's employment was a fulfillment of plans which had been put in place since mid-2005. Many individuals in administration including Stidham, knew and approved of the long-term plans for Pledger to begin operations supervision immediately, followed by intensive training for grant/contract application/negotiation and compliance of all oversight federal, state, and local

agencies/municipalities to follow in 2008-2009. These plans would allow Plaintiff to focus on preparation for 2009 State legislative session, Texas Department of Transportation's bi-annual allocation of funding, renegotiation of contracts with various municipal/private contracts, etc. With the plan in place, by mid-year 2008, Pledger would be totally grounded in operations and ready for intensive training with Plaintiff regarding procurement, grant application, contract negotiation, compliance, etc. Pledger knew he was being groomed to take over the entire CCART division as Director of Transportation eventually, sometime after 2008, at Plaintiff's retirement. On several occasions, discussions included this subject, with most individuals expressing their desire that Plaintiff's tenure include preparation for the most anticipated 2nd Triennial Review of CCART by Federal Transit Authority in the summer of 2009. Preparation for this Review is very labor-intensive and time consuming. Pledger, Stidham, and others in administration knew of Plaintiff's commitment to assist in this preparation and its subsequent completion, even into 2010, on a contractual basis, if necessary.

Plaintiff initiated a status meeting with Stidham on October 1, 2007, the Agency's first day of fiscal 2008, for the purpose of advising her of the operational status of the CCART division, including upcoming increased funding. In the course of these discussions, Stedham asked "What are your plans for retirement, Pat?" Taken aback, Plaintiff reminded her of the plan in place that his assistant would take over his position at the end of 2008, and explained all the work remaining for which Pledger has not yet been trained. Stidham retorted that she could not wait that long and told him to "retire

today or be terminated." She promised him a severance package in a few days, but Plaintiff received nothing until Defendant sent a certified letter on October 11, 2007, terminating him, with no offer of severance. Apparently, Stidham felt that Pledger, who was 25 years his junior, was already capable of assuming the entire responsibility of CCART, although he had barely had six months of training at that point. The decision to terminate Plaintiff was made because of his age.

Plaintiff filed a Charge of Discrimination based on age with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Commission ("TWCCRD") by mailing his completed "Intake Questionnaire" to the EEOC's Dallas office on February 13, 2008. On March 20, 2008, he received verbal confirmation (via a telephone conference with the EEOC's Dallas office) that his charge has been received and entered into the system. He subsequently went to the EEOC on April 10, 2008, and his formal charge form bears that date. After investigation by the EEOC and the TWCCRD, Plaintiff requested and received from the EEOC a Dismissal and Notice of Rights with regard to Defendant on April 28, 2009. Plaintiff also received from the TWCCRD a Notice of Right to File Civil Action with regard to his claims against Defendant on July 13, 2009. Accordingly, all administrative prerequisites have been exhausted prior to filing this petition.

## V.

## DISCRIMINATION

At all times herein relevant, Defendant was the "employer" of Plaintiff and

Plaintiff was an "employee" of Defendant, as these terms are defined in the Texas Commission on Human Rights Act, codified at Texas Labor Code Ann. § 21.001 *et seq.* Defendant engaged in practices toward Plaintiff which willfully discriminated against him on the basis of his age, including, but not limited to, the discriminatory and harassing acts described herein.

Additionally, Defendant's actions were committed with malice, willfulness, and reckless indifference to Plaintiff's rights pursuant to § 21.051 of the Texas Commission on Human Rights Act, and § 41.001 *et seq.* of the Texas Civil Practices and Remedies Code. As such, Plaintiff is entitled to exemplary and/or punitive damages as provided by law in an amount sufficient to deter Defendant from committing similar acts in the future. At all times noted herein, Plaintiff was a full-time wage earning employee with benefits.

## VI.

## DAMAGES

Defendant's discriminatory policies, practices, customs and usage set forth herein have proximately caused injury to Plaintiff. Plaintiff has suffered lost wages, lost benefits and emotional distress as a result of Defendant's actions against him. Plaintiff has suffered these injuries in the past, and, in all reasonable probability will continue to suffer these injuries in the future.

As a result of Defendant's unlawful actions set forth herein, Plaintiff was required

to retain the law firm of Fielding, Parker & Hallmon, L.L.P., to prosecute his claim against Defendant. Accordingly, pursuant to § 21.259 of the Texas Labor Code (Vernon's 1996), other applicable law, or in equity, Plaintiff is entitled to recover of and from Defendant all reasonable attorneys' fees to compensate such attorneys for their services performed in connection with this lawsuit, under the terms of the Texas Commission on Human Rights Act.

Plaintiff seeks the following:

a. damages in a sum in excess of this Court's minimum jurisdictional requirements representing wages which he has lost and will lose in the future, including the loss of wage earning capacity, since the date on which the unlawful conduct occurred, and including any and all salary increases he would have received in the absence of Defendant's discrimination;

b. damages in a sum in excess of this Court's minimum jurisdictional requirements representing all lost fringe benefits; and

c. compensatory damages in a sum in excess of this Court's minimum jurisdictional requirements for future pecuniary losses, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses;

d. reinstatement, or in lieu of reinstatement, front-pay damages;

 e. punitive damages in a sum in excess of this Court's minimum jurisdictional requirements as a result of Defendant's malicious and reckless conduct with regard to his rights;

 f. pre-judgment interest;

 g. post-judgment interest;

 h. costs of court;

 i. attorneys' fees in a reasonable amount together with additional awards in the event of an appeal; and

 j. such other and further relief to which Plaintiff may show himself to be justly entitled, whether in equity or at law.

## VII.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable and has paid the required jury fee.

## VIII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and that upon final hearing, Plaintiff recover:

 1. actual damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

2. actual damages for lost wages and benefits;
3. exemplary damages in an amount within the jurisdictional limits of this Court;
4. compensatory damages in an amount within the jurisdictional limits of this Court;
5. pre-judgment and post-judgment interest at the highest rate allowed by law;
6. reinstatement, or, in the alternative, front-pay as requested herein through the time of his retirement, including fringe benefits and future salary increases to which he would have been entitled but-for Defendant's discriminatory actions;
7. costs of suit;
8. attorneys' fees; and
9. such other and further relief to which he may be justly entitled.

Respectfully submitted,

_____
David Fielding
State Bar No. 06974500

Laura Hallmon
State Bar No. 24004312
Members of the Firm of:
FIELDING, PARKER & HALLMON, L.L.P.
314 Main Street, Suite 300
Fort Worth, Texas 76102
817-390-0300
817-390-0310 Facsimile

ATTORNEYS FOR PLAINTIFF
PAT C. GREEVER

SCANNED