IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PAT C. GREEVER, *Plaintiff*, | § § § | |
| v. | § § | Case No. 4:11-cv-101 |
| COLLIN COUNTY COMMITTEE, ON AGING, INC. *Defendant.* | § § § § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the court is Defendant's Motion for Summary Judgment and Brief in Support [Dkt. # 33], Plaintiff's Response [Dkt. # 36], and Defendant's Reply [Dkt. # 39], as well as Defendant's Objections to Plaintiff's Summary Judgment Evidence [Dkt. #40]. Having considered the Defendant's motion and the briefs of both parties, the court is of the opinion that Defendant's motion for summary judgment should be **GRANTED**.

I. **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE**

Before turning to the merits of Defendant's motion, the court must address Defendant's objections to Plaintiff's summary judgment evidence [Dkt. #40]. "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[1] Defendant objects to the majority of Plaintiff's affidavit submitted in response to Defendant's motion as being conclusory, speculative, or lacking foundation.

A district court may consider only admissible evidence in ruling on a motion for summary judgment.[2] Generally, summary judgment evidence "is subject to the same rules of

---

[1] FED. R. CIV. P. 56(c)(2).
[2] *Mersch v. City of Dallas*, 207 F.3d 732, 734-35 (5th Cir. 2000).

admissibility applicable to a trial."[3] But Rule 56 permits a district court to rely on affidavits that are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated" when evaluating a motion for summary judgment.[4] "The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."[5] Unsubstantiated assertions, conclusory allegations, improbable inferences, and unsupported speculation are not competent summary judgment evidence.[6] Indeed, "unsupported . . . affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment."[7] The court has reviewed the evidence provided in accordance with these principles and has considered only those portions of the affidavit that "[are] made on personal knowledge [and] set out facts that would be admissible in evidence."[8]

## II.   BACKGROUND

Plaintiff, Pat C. Greever, was employed by the Collin County Committee on Aging, Inc. (CCCoA) as Director of Transportation from July 10, 2002, until October 1, 2007, when Greever's employment was terminated by his supervisor, Lois Marilyn Stidham, CCCoA's Executive Director. He filed this suit and alleges that he was terminated because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 and the Texas Labor Code section 21.001 *et seq*. At the time he was hired, Greever was sixty years old, and when he was terminated Greever was sixty-six years old. It is undisputed that Stidham and others understood that Greever intended to retire sometime in 2008. Greever's job responsibilities

---

[3] *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995).
[4] FED. R. CIV. P. 56(c)(1)(A), 56(c)(4).
[5] *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 888 (1990).
[6] *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).
[7] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).
[8] FED. R. CIV. P. 56(c)(4).

included overseeing the transportation service known as Collin County Area Regional Transit (CCART). During the five years that Greever worked at CCCoA, CCART's operations expanded, and Ronald Pledger was hired as Assistant Director of Transportation in 2007. It was understood that Pledger would take over some of Greever's day-to-day responsibilities immediately and receive training on the remainder of Greever's job duties so that he could assume the role as Director of Transportation after Greever's retirement in 2008.

On October 1, 2007, Greever went to Stidham's office. It is undisputed that a meeting was not scheduled in advance. Stidham claims that she had no idea why Greever was there, and Greever contends that that he was there simply to initiate a regular, yearly status meeting to "review what had been taking place and to discuss the direction of CCART" at the beginning of the new fiscal year.[9] During the meeting, Stidham alleges that Greever criticized Pledger's performance and indicated that hiring him had been a "mistake."[10] Stidham believed that Pledger was performing well and became concerned that Greever's intent was to terminate Pledger's employment and "make him a scapegoat" for Greever's errors.[11] During the meeting, Stidham asked Greever about his plans for retirement, and Greever responded that his plan remained to retire in 2008. Stidham told Greever that it was not possible to continue his employment until that date and offered Greever the option of retiring immediately or being let go.[12] Stidham suggested Greever take a couple of days off, with pay, to think about it and let her know his decision. When Greever did not respond, Stidham terminated his employment, and Greever was paid through October 8, 2007.[13]

---

[9] Pl.'s Resp. 8.
[10] Stidham Aff. ¶ 9.
[11] Stidham Aff ¶ 12.
[12] Stidham Aff. ¶ 15.
[13] Stidham Aff. ¶¶ 15-16.

Stidham's affidavit states that Greever's attitude was "negative, angry, critical, insubordinate, disrespectful, and confrontational,"[14] and that she "had had constant problems with Mr. Greever's . . . attitude."[15] Stidham asserts that morale within CCART had been low under Greever's leadership and had quickly improved once Pledger was hired.[16] Stidham further alleges that Greever refused to fully participate in weekly staff meetings and became "unreasonably angry" when other employees disagreed with him.[17] She cites two specific instances where Greever "got angry, slammed his notebook shut, and stormed out of the room."[18] Stidham also maintains that Greever was uncooperative with other directors and refused to participate fully in a sexual harassment sensitivity training course that was implemented after two employees who indirectly reported to Greever were terminated for sexual harassment.[19] Further, Stidham contends that Greever violated Federal Transit Administration (FTA) rules and regulations with which CCART was required to comply.[20] Specifically, Stidham claims that Greever unilaterally decided to provide one van exclusively to the residents of a particular retirement home and purchased vehicles that were not handicap-accessible.[21] As examples of Greever's disrespectful behavior, Stidham describes Greever's intent to move his office and to return as a consultant after retiring without first seeking her approval.[22] Stidham declares that these incidents, among others over the five years that Greever was employed with CCCoA, are what led to her decision to terminate Greever's employment.[23] Stidham testified during her

---

[14] Stidham Aff. ¶ 8.
[15] Stidham Aff. ¶ 13.
[16] Stidham Aff. ¶ 9.
[17] Stidham Aff. ¶¶ 17-18.
[18] Stidham Aff. ¶ 18.
[19] Stidham Aff. ¶¶ 18, 21.
[20] Stidham Aff. ¶¶ 23-24.
[21] Stidham Aff. ¶¶ 22-23.
[22] Stidham Aff. ¶¶ 11, 14.
[23] Stidham Aff. ¶ 17.

deposition that the "real" reason Greever was terminated was "the situation with Rep Pledger."[24] Stidham's affidavit makes clear that she felt that Pledger "had done a wonderful job of turning employee morale around" and that Greever's statements that Pledger was to blame for problems within CCART showed "a profound lack of integrity."[25] The remainder of the allegations of misconduct in Stidham's affidavit will not be considered for purposes of this motion because Stidham concedes that she became aware of them only after Greever had been terminated, and therefore they could not have played a role in her decision to terminate Greever's employment.[26]

Greever counters that he "was a highly motivated individual who spoke out in meetings" but contends that his behavior was no different than any other director employed by CCCoA.[27] Yet Greever also admits that he "needed to work on anger issues and openly admitted that to Stidham."[28] In his deposition, Greever acknowledged that he had problems with anger and interacting with other employees and that those problems persisted each year he was employed by CCCoA.[29] Greever rebuts Stidham's affidavit by stating that he "fully participated in staff meetings and was well liked by the employees with whom [he] worked"[30] but provides no specific examples. Greever describes his frustration over the sexual harassment firings as a concern "over the fact that neither [Greever] nor Pledger was made aware of the firings until after they had occurred" and alleges that he did attend the sensitivity training without smirking or

---

[24] Stidham Dep. 116:1-10.
[25] Stidham Aff. ¶ 12.
[26] Stidham Aff. ¶ 24; see *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 359-60 (1995) (holding that after-acquired evidence in an ADEA suit confirming that an employee would have been terminated did not bar the plaintiff's claim when the employer admitted a discriminatory animus because the "employer could not have been motivated by knowledge it did not have" in making the decision to terminate plaintiff's employment).
[27] Pl.'s Resp. 10.
[28] Pl.'s Resp. 11; Greever Dep. 71:11-20.
[29] Greever Dep. 72:16-24.
[30] Greever Aff. ¶ 27.

being dramatically bored.[31] Greever admitted in his deposition that he purchased vehicles for fixed routes that were not handicap-accessible and that the purchase was in violation of FTA rules and regulations.[32] But Greever disputes the accusation that he violated FTA regulations by establishing CCART service specifically for residents of one particular retirement home and explains that he provided additional buses for that retirement home because statistics showed that residents of that home used the service heavily.[33] He also disputes Stidham's allegation that he unilaterally decided to move his office and points out that he was aware that a move required Stidham's approval.[34] Greever also disputes Stidham's allegations that he attempted to blame Pledger for his mistakes and instead characterizes his statements to Stidham as an honest assessment of Pledger's strengths and weaknesses.[35]

### III.   SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[36] The purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses."[37] Material facts are determined by the substantive law.[38] A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[39] Therefore, in deciding whether to grant a motion for summary judgment, the court must consider whether "there are any genuine factual issues that properly can be resolved only by a finder of

---

[31] Greever Aff. ¶ 28-29.
[32] Greever Dep. 29:19-30:1.
[33] Greever Aff. ¶¶ 36-38.
[34] Greever Aff. ¶ 23.
[35] Pl.'s Resp. 9.
[36] FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[37] *Celotex*, 477 U.S. at 323-24.
[38] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[39] *Id.*

fact because they may reasonably be resolved in favor of either party."[40] The court must construe all facts and inferences in the light most favorable to the nonmoving party.[41] When "the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case."[42]

Both parties must produce evidence in the summary judgment process.[43] The party seeking summary judgment must show that, if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof.[44] The nonmoving party "must set forth specific facts showing a genuine issue for trial" and "may not rely merely on the allegations or denials in its own pleadings."[45] "Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's burden."[46]

### IV.    AGE DISCRIMINATION

Plaintiff brings this suit under the ADEA and the Texas Commission on Human Rights Act. "In enacting the TCHRA, the Legislature intended to correlate state law with federal law in employment discrimination cases" and Texas courts apply federal law in interpreting TCHRA's provisions.[47] The same analysis applies to both claims.[48]

---

[40] *Id.* at 250.
[41] *See Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000).
[42] *Payne v. Sw. Bell Tel., L.P.*, 562 F. Supp. 2d 780, 783 (E.D. Tex. 2005).
[43] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[44] *Id.*
[45] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Delphin v. Grayson County,* No. 4:11-cv-189, 2011 WL 6779549, at *2 (E.D. Tex. Dec. 27, 2011), *aff'd*, No. 12-40102, 2012 WL 3205449, at *1 (5th Cir. Aug. 7, 2012) (per curiam); *see also* FED. R. CIV. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.").
[46] *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (internal quotation marks omitted).
[47] *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000).
[48] *See Spinks v. Truegreen Landcare, L.L.C.*, 322 F. Supp. 2d 784, 791 (S.D. Tex. 2004).

The ADEA makes it unlawful for an employer to discharge or otherwise discriminate against an individual because of that person's age.[49] To prevail on an ADEA claim, the plaintiff must show, "by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action."[50] Plaintiff relies on only circumstantial evidence of discrimination; so "the burden-shifting analysis set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) guides [the court's] inquiry."[51] *McDonnell Douglas* requires the plaintiff to establish a prima facie case of discrimination by proving that "he (1) belongs to the protected group of persons over the age of forty; (2) was qualified for his position; (3) was discharged; and (4) was replaced with someone younger or outside the protected group."[52]

Establishing a prima facie case creates a presumption of discrimination and the "burden then shifts to the employer to produce evidence that the employee was discharged for a legitimate, nondiscriminatory reason."[53] The employer's burden is "one of production, not persuasion; it can involve no credibility assessment" by the court.[54] "If the employer is able to meet this burden, the *McDonnell Douglas* framework – with its presumptions and burdens – disappears, and the sole remaining issue is discrimination *vel non*."[55] A plaintiff in an ADEA case "can survive summary judgment by producing evidence that creates a jury issue as to the employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory

---

[49] *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).
[50] *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009).
[51] *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002).
[52] *Cervantes v. KMGP Servs. Co.*, 349 F. App'x 4, 8 (5th Cir. 2009).
[53] *Id.* (internal quotation marks omitted) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).
[54] *Id.* at 8-9(internal quotation marks omitted).
[55] *Id.* at 9 (internal quotation marks omitted).

explanation."[56] The issue at this stage is the employer's motive in making a decision, not whether an employer made an erroneous decision.[57] "[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason" because "a dispute in the evidence concerning [plaintiff's] job performance does not provide a sufficient basis for a reasonable factfinder to infer that [defendant's] proffered justification is unworthy of credence."[58] The court must determine only "whether [the defendant's] reason, even if incorrect, was the real reason for [plaintiff's] termination."[59] "In considering a motion for summary judgment, the court cannot make credibility determinations, weigh evidence, or draw inferences for the movant."[60] Instead, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor."[61] The ultimate burden of persuasion remains at all times with the plaintiff and "does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision."[62]

Here, Plaintiff has established a prima facie case of discrimination. Greever was sixty-six years old at the time of his termination and therefore was a member of the protected group. It is undisputed that he was qualified for his position, his employment was terminated, and he was replaced by someone who was approximately twenty-five years younger than he was. Defendant has put forth evidence that Stidham made the decision to terminate Greever because of her belief that Greever intended to pursue termination of Pledger's employment and because of Greever's

---

[56] *Sandstad*, 309 F.3d at 897.
[57] *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995).
[58] *Little v. Republic Ref., Co.*, 924 F.2d 93, 97 (5th Cir. 1991).
[59] *Sandstad*, 309 F.3d at 899.
[60] *Payne v. Sw. Bell Tel., L.P.*, 562 F. Supp. 2d 780, 783 (E.D. Tex. 2005).
[61] *Id.*
[62] *Id.*

continuing problems interacting with her and others.[63] In response, Plaintiff has failed to bring forth any evidence that shows Stidham's decision was based on Greever's age or that Stidham's proffered justifications are unworthy of belief or were mere pretext.

Greever mainly relies on his own conclusory allegations that he was terminated because of his age.[64] Greever's only other evidence to show that Stidham's proffered reasons for Greever's termination were false or a pretext for discrimination is an allegation that there were other employees who were terminated because of their age.[65] Yet the only specific instance that Greever was able to identify was the termination of Joyce Kincaid's employment.[66] Greever alleges that Stidham told him that Kincaid's employment should be terminated because "[s]he was at a point in time that her services to the agency. . . no longer warranted the amount of money that she was being paid as an employee."[67] However, this statement does not lead to an inference of discriminatory animus on the part of Stidham with regard to Kincaid's age, nor does it lead the court to believe that Stidham's statements regarding her reasons for terminating Greever are unworthy of belief.[68]

Greever also argues that the mere fact that Stidham terminated his employment to protect the employment of a younger employee shows a discriminatory animus. Yet, even drawing all reasonable inferences in favor of Plaintiff, this is not evidence of a discriminatory animus on the part of Stidham. Although this is a proper factor to consider in establishing a prima facie case of

---

[63] *See* BACKGROUND *supra* 2-6.
[64] *See, e.g.*, Compl. ¶ 6.
[65] Greever Dep. 15:18-20.
[66] Greever Dep. 16:6-10.
[67] Greever Dep. 19:7-10.
[68] *See Equal Emp't Opportunity Comm'n* v. *Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996).

age discrimination, it is insufficient, standing alone, to support a reasonable factfinder in concluding that Greever was terminated because of his age.[69]

In contrast to all of the cases cited by Plaintiff as support for his argument, Plaintiff has failed to provide any evidence that Stidham has made any comment that had to do directly with Greever's, or anyone else's, age that would lead the court to conclude that her proffered explanations were mere pretext. The Fifth Circuit has explained that "remarks may serve as sufficient evidence of age discrimination if the offered comments are: 1) age related; 2) proximate in time to the employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue."[70] However, "[c]omments that are vague and remote in time are insufficient to establish discrimination."[71] The only "age-related" comments that Greever presents are Stidham's inquiries about his retirement plans. It is undisputed that Greever's plan to retire in 2008 was well-known; therefore, Stidham's comments do not lead to a reasonable inference that they were age-related, but were instead mere inquiries about his previously established plans. Indeed, "for an age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee."[72] Here, Stidham's statement "simply recognized a fact concerning [Greever's retirement], an observation which did not imply [age] was the reason for discharge."[73] Without more, the court cannot conclude that Plaintiff has

---

[69] *See Little v. Republic Refining, Co., Ltd.*, 924 F.2d 93, 98 (5th Cir. 1991) (explaining that the fact that plaintiff's replacement was only thirty-nine years old "was properly considered in establishing [plaintiff's] prima facie case, but it is clearly insufficient for [plaintiff's] ultimate burden of proving intentional age discrimination").
[70] *Haas v. ADVO Sys., Inc.*, 168 F.3d 732, 733 (5th Cir. 1999).
[71] *Id.* (internal quotation marks omitted).
[72] *Tex. Instruments,* 100 F.3d at 181.
[73] *Id.*

established a genuine issue of material fact that would allow a reasonable jury to find that Greever's age was the reason for his termination. Greever's unsubstantiated allegations do not show that Stidham's proffered explanation of the reason he was terminated is unworthy of credence; nor do they create a jury issue as to Stidham's discriminatory animus or the falsity of the Defendant's legitimate nondiscriminatory explanation.

### V. CONCLUSION

Plaintiff failed to raise a genuine issue of material fact that would preclude summary judgment. The conflicting descriptions of Greever's job performance "[do] not provide a sufficient basis for a reasonable factfinder to infer that [CCCoA's] proffered justification is unworthy of credence."[74] Greever's own conclusory allegations that his employment was terminated because of his age are insufficient because "an employee's own subjective belief of discrimination, no matter how genuine, cannot serve as the basis for judicial relief."[75] Greever has not rebutted CCCoA's "ample evidence of a legitimate, nondiscriminatory reason for [his] termination" or provided any reason for the court conclude that Stidham's explanations are false.[76]

Therefore, based on the foregoing, the Defendant's motion for summary judgment is hereby **GRANTED**.

**SIGNED this the 5th day of November, 2012.**

*Richard A. Schell* (signature)

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[74] *Little*, 924 F.2d at 97.
[75] *Evans v. Tex. Dep't of Transp.*, 547 F. Supp. 2d 626, 648 (E.D. Tex. 2007), *aff'd*, 273 F. App'x 391 (5th Cir. 2008) (per curiam).
[76] *Id.*